IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:06cr148-WHA |
| | ) | WO |
| CHRISTOPHER S. RAMIREZ | ) | |

**<u>ORDER ON MOTION</u>**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on June 29, 2006. There is a rebuttable presumption of detention in this case pursuant to 18 USC §3142(e).

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant represents a danger to the community. Defendant faces federal charges of conspiracy to distribute, distribution, and possession with the intent to distribute a substantial quantity of methamphetamine. He is known to law enforcement as a retail distributor of drugs in Auburn and, to some extent, in Montgomery. At the time that the offenses charged in the federal indictment allegedly occurred (November and December 2005), defendant was already serving a four-year term of probation on prior February 2004 convictions for possession of ecstasy and possession of marijuana. He also incurred a state charge for possession of marijuana 1st in April 2006 while still on state probation. This possession charge remains pending. Further, defendant's criminal history includes a 1998 conviction for DUI, a 1999 charge for marijuana possession (disposition unknown), a 2000 charge for possession of marijuana 1st (dismissed in 2005), and a 2000 charge for use/possession of drug paraphernalia (bound over to grand jury), in addition to

two other non-drug charges.  Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 5th day of July, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE